# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 0 6 2005

at _8_ o'clock and _W_ min, _A_ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

HAWAI`I DISABILITY RIGHTS ) CIVIL NO. 03-00524 HG-KSC
CENTER, et. al.,                )
                                )
            Plaintiffs,         )
                                )
    vs.                         )
                                )
STATE OF HAWAI`I, et. al.       )
                                )
            Defendants.         )
_____)

REPORT OF THE SPECIAL MASTER ON PLAINTIFFS'
MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND INTEREST

On August 29, 2005, Plaintiffs Hawaii

Disability Rights Center, et. al. ("Plaintiffs") filed

the instant Motion for Award of Attorneys' Fees, Costs

and Interest ("Motion"). Pursuant to Fed. R. Civ. P.

54(d)(1), this matter was designated to this Court by

United States District Judge Helen Gillmor on August

29, 2005.

Pursuant to LR 7.2(d), the Court finds this

Motion suitable for disposition without a hearing.

After careful consideration of the Motion, and the

record herein, the court FINDS and RECOMMENDS that
Plaintiffs' Motion for an Award of Attorneys' Fees,
Costs and Interest be GRANTED, and that Plaintiffs be
awarded attorneys' fees in the amount of $120,360.48
and costs in the amount of $808.69, for a total award
of $121,169.17.

                          BACKGROUND

        On September 29, 2003, Plaintiffs, who are
individuals with developmental disabilities eligible
for services under Hawaii's Medicaid-funded Home and
Community Based Waiver Services program ("HCBS"), filed
the instant action alleging a denial of procedural due
process, integration into the community, and
appropriate and necessary medical treatment by and
through Defendants' efforts to defer Medicaid waiver
services without Plaintiffs' knowledge or consent.
Plaintiffs' Memorandum in Support of Plaintiffs' Motion
for an Award of Attorneys' Fees, Costs, and Interest
("Plaintiffs' Memorandum") at 1.  Plaintiffs sought a
declaration that the Defendants' creation and
maintenance of a category of persons who "deferred"

waiver services without the individual's knowledge and consent, or consent obtained through misrepresentation, and their efforts to promote and encourage such deferrals, violates Title XIX of the Social Security Act, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, Section 504 of the Rehabilitation Act of 1973, the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. <u>Id.</u> at 2. Additionally, Plaintiffs alleged that Defendants' misuse and/or return of appropriated but unused funds allocated for HCBS to the State Treasury, while eligible persons were available to fill unfilled waiver slots, and their failure to move the waitlist for Medicaid waiver services at a reasonable pace violates the provisions of the aforementioned laws.  <u>Id.</u>

On May 26, 2005, following numerous settlement conferences, the parties informed the Court that a settlement had been reached.  Pursuant to the principle terms of the settlement agreement, the State is now obligated to eliminate the "deferred" status and offer

those who currently have "deferred" status a new

individualized service plan ("ISP").  Plaintiffs'

Memorandum at 4.  For those who accept this offer, an

ISP shall be completed within six months of the date of

acceptance.  Id.  With respect to individuals on the

waitlist, the State is now obligated to determine their

eligibility for home and community-based services

within 90 days after the State receives a completed

application for services.  Id. at 5.  Finally, the

State must provide services for those deemed eligible

within 90 days of the date of the eligibility

determination.  Id.  The parties were unable to resolve

the issue of Plaintiffs' entitlement, if any, to

recover reasonable attorneys' fees.

On August 29, 2005, Plaintiffs filed the

instant Motion seeking attorney's fees, costs, and

interest.  On September 12, 2005, Plaintiffs filed

Plaintiffs' Statement of Consultation, which indicated

that the parties were unable to negotiate an agreement

within the time period set by Local Rule 54.3(b).  On

September 23, 2005, Defendants filed Defendants State

of Hawaii, et. al.'s Memorandum in Opposition to

Plaintiffs' Motion for an Award of Attorney's Fees,

Costs and Interest filed on August 29, 2005

("Defendants' Opposition")[1].

DISCUSSION

I.   Attorneys' Fees and Paralegal Fees

Under the American Rule, parties to a lawsuit

bear their own attorneys' fees.  Buckhannon Board &

Care Home, Inc. v. West Virginia Department of Health &

Human Resources, 532 U.S. 598 (2001).  As a result, a

party does not recover attorneys' fees merely because

it prevails in litigation.  To recoup attorneys' fees,

the award of fees must be explicitly authorized by

statute or other legal authority.  See generally,

Stanton Road Association v. Lohrey Entertainment, 984

F.2d 1015, 1018 (9th Cir. 1993).  Consequently, a

threshold requirement to success in any motion for

---

[1]   Defendants' Opposition was not timely filed.
Pursuant to Local Rule 7.4 of the Local Rules of the
District Court of Hawaii, "[a]n opposition to a non-
hearing motion shall be served and filed not more than
eleven (11) days after service of the motion."

attorneys' fees, is that the prevailing party
demonstrate an entitlement to the requested fees by
pointing to a specific authorizing rule, statute or
contract term.

In this case, Plaintiffs assert that as the
prevailing party, they are entitled to a reasonable fee
pursuant to 42 U.S.C. § 1988.  Plaintiffs' Memorandum
at 4.  More specifically, Plaintiffs argue that the
Settlement Agreement has altered the legal relationship
of the parties by requiring Defendants to remedy
various administrative rules and procedures and procure
funding affecting HCBS.  Id. at 4-5.  Therefore,
Plaintiffs argue, the terms of the Settlement Agreement
demonstrate that they are the prevailing party. Id.

Defendants argue that Plaintiffs are not the
prevailing party because they have failed to show how
the parties' legal relationship has been materially
altered or how the terms of the settlement will
directly benefit Plaintiffs now.  Defendants'
Opposition at 7.  In particular, Defendants argue that

Plaintiffs failed to show that they themselves will receive a letter or the offer of a new ISP or that the elimination of the "deferred" status will have any effect on them at all.  Id.

Pursuant to 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title...,[or] title VI of the Civil Rights Act of 1964...,the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  In Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S.Ct. 566 (1992), the Supreme Court held that "a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties" and "a material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against defendant."

Likewise, the Ninth Circuit Court of Appeals in Fischer v. SJB-P.D., Inc., 214 F.3d 1115 (9th Cir. 2000) found that Fischer was the prevailing party because his settlement in the case forced the defendants to do something that they would not have to do absent the settlement.

The instant case is similar to Fischer. The parties in the instant action have entered into a valid and enforceable settlement agreement. The settlement agreement has effectively "altered the legal relationship" between the parties by requiring certain actions to be undertaken by Defendants. The settlement requires Defendants to make adjustments in both its implementation and management of the Medicaid waiver program. Defendants' argument that Plaintiffs have failed to make a showing that the terms of the settlement will "directly benefit" them is unconvincing. Plaintiffs, as well as other developmentally disabled individuals, stand to benefit from the changes to the Medicaid waiver program

8

resulting from the settlement in this case.  Finally,
in the event Defendants fail to perform or complete
such actions, Plaintiffs may seek to enforce the
settlement agreement.

The settlement agreement reached in this case
was the result of good faith negotiation and compromise
by the parties.  Applying the controlling and well
established precedent set by the Ninth Circuit Court of
Appeals, the Court finds that Plaintiffs are the
prevailing party in this action.

A.   Reasonable Fee

Since the Court has found that Plaintiffs have
met the "prevailing party" threshold, the Court must
next determine a reasonable fee.  A determination of
reasonable attorneys' fees typically begins with the
traditional "lodestar" calculation set forth in Hensley
v. Eckerhart, 461 U.S. 424, 433 (1983).  The Supreme
court instructs that the most useful starting point to
determine a reasonable fee is "the number of hours
reasonably expended multiplied by a reasonable hourly

rate." Id.  The Supreme Court has recognized an exception to this general rule where the plaintiff was awarded only nominal damages and achieved only technical success.  See Farrar v. Hobby, 506 U.S. 103, 114-15 (1992).  In Farrar, the Supreme Court stated that, "[a] plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." Farrar, 506 U.S. at 115.  "The de minimus or technical nature of a victory is shown where there is a substantial difference between the judgment recovered and the recovery sought, the legal issue on which the plaintiff claims to have prevailed is insignificant, and no public goal is at stake." See Doe Ex. Rel. Doe v. Keala, 361 F. Supp. 2d 1171, 1182 (D. Haw. 2005)(citations omitted).

Defendants urge the Court to apply the Farrar exception in this case.  Memorandum in Opposition at 9. Defendants point out that Plaintiffs did not seek money damages, did not obtain a judgment of any kind, and failed to certify a class of individuals in this case.

Id. at 9-10.  Defendants argue that "the principle

terms of the settlement agreement generally follow the

State's practices or procedures that were in place

before this lawsuit was filed or other stricter

requirements imposed by state or federal laws."  Id. at

11.  Thus, Defendants assert that Plaintiffs' achieved

only technical success and the Farrar exception should

apply.  Id.

          The Court finds Defendants' argument

unconvincing and declines to apply the Farrar exception

in this case.  The settlement reached between the

parties in this case is not the equivalent of a nominal

damages award of the type at issue in Farrar.

Plaintiffs achieved more than "technical" success in

the settlement agreement because the agreement requires

Defendants to modify or change their Medicaid waiver

program in such a way that will benefit Plaintiffs as

well as other disabled individuals seeking Medicaid

benefits. See Keala, 361 F. Supp. 2d 1171(declining to

apply the Farrar exception where plaintiff prevailed on

some legal issues and the lawsuit indirectly served the public goal of protecting the constitutional rights of individuals similarly situated to plaintiff). Consequently, the Court will apply the traditional lodestar calculation as a starting point for determining reasonable attorneys' fees.

In calculating the lodestar amount, the following factors should be considered in determining the reasonable number of hours expended and the reasonable hourly rate: "(1) the novelty and complexity of the issues, (2) the special skill and the experience of counsel, (3) the quality of representation, (4) the results obtained, and (5) the contingent nature of the fee agreement." Morales v. City of San Rafael, 96 F. 3d 359, 364 n. 9 (9th Cit. 1995) (internal citations omitted).

Plaintiffs request a total of $90,530.00 in attorneys' fees.

Plaintiffs request the following lodestar:

12

| Attorney | Hours | x | Rate | Lodestar |
|----------|-------|---|------|----------|
| Matthew C. Bassett | 217.95[2] | | $200.00 | $43,590.00 |
| Louis Erteschik | 215.30 | | $195.00 | $41,983.50 |
| Cory Chun[3] | 43.10 | | $115.00 | $4,956.50 |
| | TOTAL REQUESTED LODESTAR | | | $90,530.00 |

Plaintiffs also request reimbursement for paralegal expenses in the amount of $88,711.50.[4] Plaintiff's Memorandum at 15.  Plaintiffs claim that the paralegal fees are reasonable expenses of the type that would normally be billed to fee-paying clients and are thus recoverable pursuant to 42 U.S.C. § 1988.  Id. at 10.  Plaintiffs request the following paralegal fees:

---

[2] Attorney Bassett's total hours were calculated from Exhibit 2 to Plaintiffs' Memorandum.  The Court notes that the difference in the amounts (Plaintiffs arrived at a total of 217.75 hours) in the billings and the Court's total hours is due to a computation error. The correct total hours for Attorney Bassett is 217.95.

[3] Prior to his admittance to the bar, Attorney Chun served in a paralegal capacity.  Thus, his billings are divided between the time he worked in a paralegal capacity and the time he worked as a licensed attorney.

[4] Plaintiffs list the total as $89,331.61.  The $88,711.50 figure represents the total after the Court's correction of computation errors.

13

| Paralegal | Hours | x | Rate | Total Fees |
|---|---|---|---|---|
| Michael Rabanal | 851.40 | | $85.00 | $72,369.00 |
| Cory Chun | 4.80 | | $80.00 | $384.00 |
| Hawaii Legal Services | 1,063.90 | | $15.00 | $15,958.50[5] |

TOTAL REQUESTED PARALEGAL FEES   $88,711.50

Plaintiffs request a total of $179,241.50[6] in attorney and paralegal fees.

1.   Reasonable Rate

A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). In determining a reasonable hourly rate, the district court must consider "'the experience, skill, and reputation of the attorney requesting fees.'" D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1384 (9th Cir. 1990) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.

---

[5] Plaintiffs list the total Hawaii Legal Services fee as $16,578.61. The correct total is $15,958.50.

[6] Again, this number represents the total after the Court's correction of computation errors.

14

1986), amended, 808 F.2d 1373 (9th Cir. 1987)).  In
light of these factors, the rate should reflect "the
prevailing market rate in the community."  Id.
Further, the fee applicant "has the burden of producing
satisfactory evidence, in addition to the affidavits of
its counsel," to show that the rates are reflective of
reasonable prevailing rates for similar services.
Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th
Cir. 1987).  If the requested rates are in line with
those prevailing in the community for similar services
of lawyers of reasonably comparable skill and
reputation, it is deemed to be reasonable.

　　　　　Plaintiffs' seek the following hourly rates:

| Attorney | Hourly Rate |
|----------|-------------|
| Matthew C. Bassett | $200.00 |
| Louis Erteschik | $195.00 |
| Cory Chun | $115.00 |
| Paralegal | Hourly Rate |
| Michael Rabanal | $85.00 |
| Cory Chun | $80.00 |

Hawaii Legal                          $15.00
Services

        In support of their hourly rates, Plaintiffs

provide the declarations of Attorneys Matthew C.

Basset, Louis Erteschik, Cory Chun, and Shelby A.

Floyd, and the declaration of Mr. Rabanal.   The

declarations of Attorneys Basset, Erteschik, Chun,

Floyd, and Mr. Rabanal combined with the Court's

knowledge of prevailing rates for attorneys and

paralegals with comparable experience in this forum, is

sufficient to enable this court to determine whether

the rates charged are reasonable.   While Plaintiffs do

not offer any evidence to support Hawaii Legal

Services' hourly rate, the Court nonetheless finds the

rate reasonable.   This Court is well aware of the

prevailing rates in the community for similar services

performed by attorneys and paralegals of comparable

experience, skill and reputation.

        The Court finds that the rates charged by

Attorneys Bassett, Erteschik, and Chun are reasonable

and in accordance with the prevailing rate in the

community for similar services performed by attorneys

of comparable experience, skill, and reputation.  Thus,

the Court allows the hourly rate of $200.00 for

Attorney Bassett, $195.00 for Attorney Erteschik, and

$115.00 for Attorney Chun.  The Court also finds that

the rates charged by Mr. Rabanal, Attorney Chun (prior

to his admittance to the bar), and Hawaii Legal

Services are reasonable.  Therefore, the Court allows

the hourly rate of $85.00 for Mr. Rabanal, $80.00 for

Attorney Chun before he was admitted to the bar, and

$15.00 for Hawaii Legal Services.

   2.   Hours Reasonably Expended

      Beyond establishing a reasonable hourly rate, a

party seeking attorneys' fees must demonstrate that the

fees and costs taxed are reasonably necessary to

achieve the results obtained.  See Tirona v. State Farm

Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw.

1993).  The court must guard against awarding fees and

costs which are excessive, and must assess the extent

to which fees and costs are self-imposed and could have

been avoided.  See id. at 637 (citing INVST Fin. Group

17

v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).

The court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992)(citation omitted); see also Gates, 987 F.2d at 1399. Time expended on work deemed "excessive" shall not be compensated. See id.

In determining a reasonable number of hours, the court may, in its discretion, exclude hours that are excessive or duplicative. See Hensley, 461 U.S. at 434. A reduction in hours is appropriate where counsel's billing records indicate substantial duplication of effort or inefficiency. See id. ("Counsel . . . should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."); see also Schwarz v. Sec'y of Human Services, 73 F.3d 895, 909 (9th Cir. 1995) (affirming district court's reduction of fees due to excessive hours claimed by counsel).

18

In addition, clerical and secretarial tasks should not be billed at a lawyer or a paralegal's rate. See Davis v. City & County of San Francisco, 976. F.2d 1536, 1543 (9th Cir. 1992), vacated on other grounds, 984 F. 2d 345 (9th Cir. 1993)("It is simply not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost.")

When determining whether to reduce the total number of hours based on the results obtained, the court must: "(1) consider whether the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded ('step one') and (2) consider whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Keala, 361 F. Supp. at 1885 citing Webb v. Sloan, 330 F. 3d 1158, 1169 (9th Cir. 2003).

Finally, the party seeking the fee bears the burden of submitting evidence to support the hours worked, while the party "opposing the fee application

has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and the reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." <u>Gates</u>, 987 F.2d at 1397-98 (citing <u>Blum</u>, 465 U.S. at 892 n.5); <u>see also</u> <u>Hensley</u>, 461 U.S. at 433.

In this case, Attorney Bassett seeks fees for a total of 217.95 hours expended, Attorney Erteschik seeks fees for a total of 215.30 hours expended, and Attorney Chun seeks fees for a total of 43.10 hour expended.  Plaintiffs' Memorandum at 14.

Defendants contend that the amount of hours expended by Plaintiffs during the 7-8 months prior to filing the Complaint was excessive, and maintain that the time spent prior to August 29, 2003 should be excluded from the calculation of the lodestar amount. Defendants' Opposition at 13-14.  In addition, Defendants request that the temporary paralegal services provided by the HDRC, which consisted of designing an Excel computer program to store and

organize data and inputting and reviewing data taken
from client files, which totaled 1,063.9 hours, be
excluded from any fees or costs award.  Id. at 14-15.

Defendants also request that any duplicative
time be excluded from a fees award.  Defendants argue
that the time spent by Attorney Erteschik, Attorney
Chu, and Mr. Rabanal attending settlment and/or status
conferences be excluded.  Id. at 15.  Defendants
maintain that it was only necessary for Attorney
Bassett, the lead attorney, to attend the
settlement/status conferences.  Id.

Additionally, Defendants argue that the time
spent by Plaintiffs' attorneys conferencing with each
other was excessive and should be reduced by at least
50 percent.  Id. at 16.  Defendants point out that
Attorneys Basset, Erteschik, Chun, and paralegal
Rabanal spent a total of 169.2 hours in conference with
each other, and at times, with their client for a total
billing amount of $24,668.00.  Id.  Defendants also
maintain that any vague time entries and time expended

21

on clerical tasks should be excluded as well.  Id. at
17.

Finally, Defendants ask that the total number
of hours expended be reduced by 30 percent based on the
fact that Plaintiffs only achieved limited success.  Id.
at 21.  Defendants point out that "Plaintiffs settled
their claims in exchange for the State's agreement to
make certain adjustments in its implementation and
management of the Medicaid Waiver program."  Id.  Thus,
Defendants contend that Plaintiffs did not prevail on
any significant legal issues.  Id. at 22.

After considering both parties' arguments and
reviewing the submitted time sheets, the Court finds
that the number of hours expended by Attorneys Bassett,
Erteschik, and Chun shall be reduced.  In general, the
Court reduces the hours based on the time spent
performing clerical tasks such as organizing files and
updating timesheets and the excessive time Mr. Basset,
Mr. Erteschik, Mr. Chun, and Mr. Rabanal and spent
conferencing with each other.  With respect to Attorney
Bassett's submitted time entries, the Court reduces the

number of hours expended by Attorney Bassett as follows:

| DATE | REDUCTION | REASON | REDUCTION AMOUNT |
|---|---|---|---|
| 03/05/03 | 1.0 - 0 | Clerical | 1.0 |
| 03/24/03 | .5 - 0 | Clerical | .5 |
| 07/31/03 | .3 - 0 | Clerical | .3 |
| 08/03/03 | 4.0 - 2.0 | Excessive | 2.0 |
| 08/03/03 | .7 - 0 | Clerical | .7 |
| 09/05/03 | 3.0 - 1.0 | Excessive | 2.0 |
| 09/15/03 | 5.0 - 3.0 | Excessive | 2.0 |
| 09/24/03 | 1.0 - 0 | Excessive | 1.0 |
| 10/06/03 | 4.0 - 0 | Excessive | 4.0 |
| 10/20/03 | .8 - 0 | Excessive | .8 |
| 10/28/03 | 2.0 - 1.0 | Excessive | 1.0 |
| 11/21/03 | .8 - 0 | Clerical | .8 |
| 11/21/03 | .2 - 0 | Clerical | .2 |
| 12/15/03 | 1.0 - .5 | Excessive | .5 |
| 12/22/03 | 1.0 - .5 | Excessive | .5 |
| 12/22/03 | 4.0 - 2.0 | Excessive | 2.0 |
| 12/22/03 | .8 - 0 | Clerical | .8 |
| 01/15/04 | .2 - 0 | Clerical | .2 |

| | | | |
|---|---|---|---|
| 01/26/04 | .1 - 0 | Clerical | .1 |
| 01/29/04 | .5 - 0 | Excessive | .5 |
| 02/18/04 | .5 - 0 | Excessive | .5 |
| 02/23/04 | .5 - 0 | Excessive | .5 |
| 02/26/04 | 1.5 - 0 | Excessive | 1.5 |
| 04/13/04 | 1.0 - 0 | Excessive | 1.0 |
| 04/27/04 | 3.0 - 2.0 | Excessive | 1.0 |
| 04/28/04 | 1.1 - 0 | Excessive | 1.1 |
| 05/05/04 | .5 - 0 | Excessive | .5 |
| 05/27/04 | .1 - 0 | Clerical | .1 |
| 06/10/04 | 3.0 - 0 | Excessive | 3.0 |
| 06/16/04 | 3.0 - 0 | Excessive | 3.0 |
| 08/24/04 | 1.0 - 0 | Clerical | 1.0 |
| 09/29/04 | 1.3 - 0 | Excessive | 1.3 |
| 12/08/04 | .5 - 0 | Clerical | .5 |
| 01/28/05 | .8 - 0 | Excessive | .8 |
| 02/15/05 | 1.0 - 0 | Excessive | 1.0 |
| 04/07/05 | .3 - 0 | Clerical | .3 |
| 04/07/05 | .3 - 0 | Excessive | .3 |
| 05/17/05 | 1.5 - 0 | Clerical | 1.5 |

TOTAL REDUCTION:                     39.8

With respect to Attorney Erteschik, the Court
reduces his number of hours as follows:

| <u>DATE</u> | <u>REDUCTION</u> | <u>REASON</u> | <u>REDUCTION AMOUNT</u> |
|---|---|---|---|
| 09/12/03 | 2.0 - 0 | Excessive | 2.0 |
| 09/24/04 | 1.0 - 0 | Excessive | 1.0 |
| 09/29/03 | 1.0 - 0 | Excessive | 1.0 |
| 10/08/03 | 1.0 - 0 | Excessive | 1.0 |
| 10/14/03 | 1.0 - 0 | Excessive | 1.0 |
| 10/15/03 | 1.0 - 0 | Excessive | 1.0 |
| 10/16/03 | 1.0 - 0 | Excessive | 1.0 |
| 11/05/03 | 1.0 - 0 | Excessive | 1.0 |
| 11/12/03 | 1.5 - 0 | Excessive | 1.5 |
| 11/17/03 | .5 - 0 | Excessive | .5 |
| 11/25/03 | .3 - 0 | Excessive | .3 |
| 11/26/03 | 1.0 - 0 | Excessive | 1.0 |
| 01/07/04 | .5 - 0 | Excessive | .5 |
| 01/29/04 | .5 - 0 | Excessive | .5 |
| 02/18/04 | .5 - 0 | Excessive | .5 |
| 02/23/04 | .5 - 0 | Excessive | .5 |
| 02/23/04 | .6 - 0 | Excessive | .6 |
| 02/26/04 | 1.0 - 0 | Excessive | 1.0 |

| | | | |
|---|---|---|---|
| 03/01/04 | 1.0 - 0 | Excessive | 1.0 |
| 03/15/04 | .7 - 0 | Excessive | .7 |
| 04/09/04 | .3 - 0 | Excessive | .3 |
| 04/27/04 | 1.0 - 0 | Excessive | 1.0 |
| 04/27/04 | 1.0 - 0 | Excessive | 1.0 |
| 04/27/04 | .5 - 0 | Excessive | .5 |
| 05/04/04 | 1.0 - 0 | Excessive | 1.0 |
| 05/05/04 | .5 - 0 | Excessive | .5 |
| 05/06/04 | 1.0 - 0 | Excessive | 1.0 |
| 05/07/04 | .4 - 0 | Excessive | .4 |
| 05/07/04 | .5 - 0 | Excessive | .5 |
| 05/10/04 | 1.1 - 0 | Excessive | 1.1 |
| 05/10/04 | 1.2 - 0 | Excessive | 1.2 |
| 06/09/04 | 2.0 - 0 | Excessive | 2.0 |
| 06/10/04 | 3.0 - 0 | Excessive | 3.0 |
| 6/10/04 | 3.0 - 0 | Excessive | 3.0 |
| 06/16/04 | 3.0 - 0 | Excessive | 3.0 |
| 06/21/04 | 2.0 - 0 | Excessive | 2.0 |
| 06/22/04 | .6 - 0 | Excessive | .6 |
| 06/29/04 | 6.0 - 3.0 | Excessive | 3.0 |
| 07/02/04 | 2.0 - 0 | Excessive | 2.0 |

| 07/07/04 | .7 - 0 | Excessive | .7 |
| 07/23/04 | .2 - 0 | Excessive | .2 |
| 08/02/04 | .5 - 0 | Excessive | .5 |
| 08/18/04 | 2.0 - 0 | Clerical | 2.0 |
| 08/21/04 | 1.0 - 0 | Clerical | 1.0 |
| 08/23/04 | 2.0 - 0 | Clerical | 2.0 |
| 08/24/04 | 3.0 - 0 | Clerical | 3.0 |
| 09/20/04 | 1.5 - 0 | Excessive | 1.5 |
| 09/22/04 | .8 - 0 | Excessive | .8 |
| 09/29/04 | 1.3 - 0 | Excessive | 1.3 |
| 10/04/04 | 1.0 - 0 | Excessive | 1.0 |
| 12/13/04 | .5 - 0 | Excessive | .5 |
| 12/14/04 | .5 - 0 | Excessive | .5 |
| 01/10/05 | .2 - 0 | Excessive | .2 |
| 01/19/05 | .5 - 0 | Excessive | .5 |
| 01/28/05 | .8 - 0 | Excessive | .8 |
| 02/01/05 | 1.0 - 0 | Excessive | 1.0 |
| 02/02/05 | 1.0 - 0 | Excessive | 1.0 |
| 02/03/05 | 3.0 - 0 | Excessive | 3.0 |
| 02/11/05 | .5 - 0 | Excessive | .5 |
| 02/15/05 | 1.0 - 0 | Excessive | 1.0 |

| | | | |
|---|---|---|---|
| 03/04/05 | .2 - 0 | Excessive | .2 |
| 04/07/05 | .3 - 0 | Excessive | .3 |
| 04/07/05 | .5 - 0 | Excessive | .5 |
| 04/08/05 | .2 - 0 | Excessive | .2 |
| 04/17/05 | .5 - 0 | Excessive | .5 |
| 04/19/05 | .3 - 0 | Excessive | .3 |
| | TOTAL REDUCTION: | | 69.7 |

The Court reduces the number of hours expended by Attorney Chun as follows:

| DATE | REDUCTION | REASON | REDUCTION AMOUNT |
|---|---|---|---|
| 12/8/04 | 1.2 - 0 | Excessive | 1.2 |
| 01/09/04 | .3 - 0 | Excessive | .3 |
| 02/23/04 | .5 - 0 | Excessive | .5 |
| 05/11/04 | 2.5 - 0 | Excessive | 2.5 |
| 06/10/04 | 5.8 - 0 | Excessive | 5.8 |
| 08/19/04 | .6 - 0 | Clerical | .6 |
| 05/20/05 | .5 - 0 | Excessive | .5 |
| 06/15/05 | .4 - .2 | Clerical | .2 |
| | TOTAL REDUCTION: | | 11.6 |

Therefore, Attorney Bassett's total reductions are 39.8 hours, Attorney Erteschik's total reductions

28

are 69.7 hours, and Attorney Chun's total reductions are 11.6 hours.  Accordingly, Attorney Bassett's revised total number of hours is 178.15 hours, Attorney Erteschik's revised total number of hours is 145.6 hours, and Attorney Chun's revised total number of hours is 31.5 hours.

The Court declines to reduce the total number of hours by 30% as requested by Defendants.  While Defendants claim that Plaintiffs only achieved limited success through the settlement, the Court disagrees. Plaintiffs sought declaratory relief in order to force Defendants to make changes to the Medicaid Waiver program.  As a result of the settlement, the public purpose of raising awareness with respect to the State's practices and procedures with respect to determining eligibility has been achieved, and the State must make improvements to the Medicaid Waiver program.  The Court finds that the results obtained by Plaintiffs in the settlement agreement was not insignificant.

Thus, after making the above reductions to the hours expended, the Court awards the following lodestar:

| Attorney | Hours x Rate | Total |
|---|---|---|
| Matthew C. Bassett | 178.15 x 200.00 | $ 35,630.00 |
| Louis Erteschik | 145.6  x 195.00 | $ 28,392.00 |
| Cory Chun | 31.5  x  115.00 | $  3,622.50 |
|  | Subtotal | $ 67,644.50 |
|  | GET  (4.166%) | $  2,818.07 |
|  | Total Awarded Lodestar | $ 70,462.57 |

In addition, Plaintiffs seek reimbursement for paralegal fees.

With respect to Attorney Chun, the Court finds that the 4.8 hours that he worked on the case prior to his admittance to the bar, at a paralegal rate, are reasonable and thus awards $384.00 in costs that represent Attorney Chun' work as a paralegal.  With respect to Mr. Rabanal, the Court reduces his amount of hours based on excessive conferencing and time spent on clerical tasks such as updating files and data entry. The Court reduces Mr. Rabanal's hours as follows:

| DATE | REDUCTION | REASON | REDUCTION AMOUNT |
|---|---|---|---|
| 03/31/03 | .8 - 0 | Clerical | .8 |
| 05/23/03 | .8 - 0 | Clerical | .8 |

| 05/23/03 | 2.2 - 0 | Clerical | 2.2 |
| 05/23/03 | .5 - 0 | Clerical | .5 |
| 06/03/03 | 3.0 - 0 | Clerical | 3.0 |
| 06/04/03 | 2.0 - 0 | Clerical | 2.0 |
| 06/06/03 | 2.5 - 0 | Clerical | 2.5 |
| 06/09/03 | 4.0 - 0 | Clerical | 4.0 |
| 06/09/03 | 3.5 - 0 | Clerical | 3.5 |
| 06/10/03 | 3.0 - 0 | Clerical | 3.0 |
| 06/19/03 | 3.4 - 0 | Clerical | 3.4 |
| 06/20/03 | 2.0 - 0 | Clerical | 2.0 |
| 07/07/03 | 7.0 - 3.5 | Excessive | 3.5 |
| 07/07/03 | 1.0 - 0 | Clerical | 1.0 |
| 07/08/03 | 6.5 - 3.5 | Excessive | 3.0 |
| 07/08/03 | 1.5 - 0 | Clerical | 1.5 |
| 07/09/03 | 2.0 - 0 | Clerical | 2.0 |
| 07/09/03 | 2.0 - 0 | Clerical | 2.0 |
| 07/10/03 | 4.0 - 2 | Excessive | 2.0 |
| 07/10/03 | 3.0 - 0 | Clerical | 3.0 |
| 07/11/03 | 1.5 - 0 | Clerical | 1.5 |
| 07/11/03 | 3.0 - 0 | Clerical | 3.0 |
| 07/14/03 | 4.5 - 2.4 | Clerical | 2.1 |

31

| | | | |
|---|---|---|---|
| 07/14/03 | 2.2 - 0 | Clerical | 2.2 |
| 07/15/03 | 5.0 - 0 | Clerical | 5.0 |
| 07/15/03 | 2.5 - 0 | Clerical | 2.5 |
| 07/16/03 | 1.0 - 0 | Clerical | 1.0 |
| 07/16/03 | 7.0 - 0 | Clerical | 7.0 |
| 07/17/03 | 6.0 - .4 | Clerical | 5.6 |
| 07/17/03 | 2.0 - 0 | Clerical | 2.0 |
| 07/18/03 | .5 - 0 | Clerical | .5 |
| 07/18/03 | 4.0 - 0 | Clerical | 4.0 |
| 07/18/03 | 2.0 - 0 | Clerical | 2.0 |
| 07/21/03 | 5.0 - 0 | Clerical | 5.0 |
| 07/21/03 | 2.2 - 0 | Clerical | 2.2 |
| 07/22/03 | 3.0 - 0 | Clerical | 3.0 |
| 07/22/03 | 1.0 - 0 | Clerical | 1.0 |
| 07/22/03 | 3.0 - 0 | Clerical | 3.0 |
| 07/24/03 | 5.0 - 0 | Clerical | 5.0 |
| 07/24/03 | 2.5 - 0 | Clerical | 2.5 |
| 07/25/03 | 1.0 - 0 | Clerical | 1.0 |
| 07/25/03 | 5.0 - 0 | Clerical | 5.0 |
| 07/25/03 | 1.7 - 0 | Clerical | 1.7 |
| 07/28/03 | 1.3 - 0 | Clerical | 1.3 |

| | | | |
|---|---|---|---|
| 07/28/03 | 1.5 - 0 | Clerical | 1.5 |
| 07/28/03 | 3.5 - 0 | Clerical | 3.5 |
| 07/29/03 | 5.5 - 0 | Clerical | 5.5 |
| 07/29/03 | 3.0 - 0 | Clerical | 3.0 |
| 07/30/03 | 5.5 - 0 | Clerical | 5.5 |
| 07/30/03 | 2.5 - 0 | Clerical | 2.5 |
| 07/31/03 | 5.5 - 0 | Clerical | 5.5 |
| 07/31/03 | 2.5 - 0 | Clerical | 2.5 |
| 08/13/03 | 3.0 - 0 | Clerical | 3.0 |
| 08/14/03 | 2.0 - 0 | Clerical | 2.0 |
| 08/18/03 | 3.1 - 0 | Clerical | 3.1 |
| 08/18/03 | 3.5 - 0 | Clerical | 3.5 |
| 08/19/03 | 1.5 - 0 | Clerical | 1.5 |
| 08/19/03 | 2.5 - 0 | Clerical | 2.5 |
| 08/19/03 | 1.0 - 0 | Clerical | 1.0 |
| 08/20/03 | 4.5 - 0 | Clerical | 4.5 |
| 08/25/03 | 4.5 - 0 | Clerical | 4.5 |
| 08/25/03 | 1.6 - 0 | Clerical | 1.6 |
| 08/27/03 | 1.5 - 0 | Clerical | 1.5 |
| 08/27/03 | 2.5 - 0 | Clerical | 2.5 |
| 08/28/03 | 8.0 - 0 | Clerical | 8.0 |

| | | | |
|---|---|---|---|
| 09/22/03 | 1.2 - 0 | Clerical | 1.2 |
| 10/01/03 | 2.0 - 0 | Clerical | 2.0 |
| 10/03/03 | .4 - 0 | Excessive | .4 |
| 10/03/03 | 1.0 - 0 | Excessive | 1.0 |
| 10/15/03 | 1.5 - 0 | Clerical | 1.5 |
| 10/16/03 | 2.5 - 0 | Clerical | 2.5 |
| 10/17/03 | 1.5 - 0 | Clerical | 1.5 |
| 10/20/03 | .2 - 0 | Excessive | .2 |
| 10/20/03 | 2.3 - 0 | Clerical | 2.3 |
| 10/21/03 | 1.2 - 0 | Clerical | 1.2 |
| 10/22/03 | 4.0 - 0 | Clerical | 4.0 |
| 10/22/03 | 2.5 - 0 | Clerical | 2.5 |
| 10/23/03 | 2.0 - 0 | Clerical | 2.0 |
| 10/23/03 | 1.0 - 0 | Clerical | 1.0 |
| 10/23/03 | 4.0 - 0 | Clerical | 4.0 |
| 10/24/03 | 5.0 - 0 | Clerical | 5.0 |
| 10/24/03 | 2.5 - 0 | Clerical | 2.5 |
| 10/27/03 | 6.0 - 0 | Clerical | 6.0 |
| 10/27/03 | 2.5 - 0 | Clerical | 2.5 |
| 11/12/03 | 5.0 - 2.0 | Excessive | 3.0 |
| 11/14/03 | 1.5 - 0 | Clerical | 1.5 |

| | | | |
|---|---|---|---|
| 11/17/03 | .5 - 0 | Excessive | .5 |
| 11/18/03 | 1.0 - 0 | Excessive | 1.0 |
| 11/25/03 | .3 - 0 | Excessive | .3 |
| 11/26/03 | 2.0 - 0 | Clerical | 2.0 |
| 12/01/03 | 1.0 - 0 | Clerical | 1.0 |
| 12/04/03 | 1.5 - 0 | Clerical | 1.5 |
| 12/05/03 | 2.0 - 0 | Clerical | 2.0 |
| 12/29/03 | 1.2 - 0 | Clerical | 1.2 |
| 01/06/04 | 1.0 - 0 | Clerical | 1.0 |
| 01/23/04 | .5 - 0 | Clerical | .5 |
| 01/07/04 | 2.0 - 0 | Excessive | 2.0 |
| 01/13/04 | .6 - 0 | Excessive | .6 |
| 01/15/04 | .5 - 0 | Clerical | .5 |
| 01/23/04 | .5 - 0 | Clerical | .5 |
| 01/29/04 | .5 - 0 | Excessive | .5 |
| 02/10/04 | .2 - 0 | Excessive | .2 |
| 02/23/04 | .5 - 0 | Excessive | .5 |
| 02/25/04 | 2.0 - 0 | Excessive | 2.0 |
| 02/26/04 | 2.0 - 1.0 | Excessive | 1.0 |
| 02/26/04 | 1.0 - 0 | Excessive | 1.0 |
| 03/01/04 | .7 - .3 | Clerical | .4 |

35

| | | | |
|---|---|---|---|
| 03/01/04 | 1.0 - 0 | Excessive | 1.0 |
| 03/15/04 | .7 - 0 | Excessive | .7 |
| 03/17/04 | .2 - 0 | Excessive | .2 |
| 04/09/04 | .3 - 0 | Excessive | .3 |
| 04/13/04 | 1.5 - 0 | Excessive | 1.5 |
| 04/14/04 | 1.5 - 0 | Excessive | 1.5 |
| 04/28/04 | 2.2 - 0 | Clerical | 2.2 |
| 05/05/04 | .5 - 0 | Excessive | .5 |
| 05/05/04 | .5 - 0 | Excessive | .5 |
| 05/07/04 | .4 - 0 | Excessive | .4 |
| 05/10/04 | 1.1 - 0 | Excessive | 1.1 |
| 05/10/04 | 1.2 - .7 | Excessive | .5 |
| 05/11/04 | 1.0 - .5 | Excessive | .5 |
| 05/11/04 | 1.5 - 0 | Excessive | 1.5 |
| 05/11/04 | 1.8 - 1.4 | Excessive | .4 |
| 05/12/04 | .6 - 0 | Clerical | .6 |
| 05/12/04 | 1.7 - 0 | Clerical | 1.7 |
| 05/27/04 | .2 - .1 | Excessive | .1 |
| 06/10/04 | 3.0 - 0 | Excessive | 3.0 |
| 6/10/04 | 3.0 - 0 | Excessive | 3.0 |
| 06/22/04 | .1 - 0 | Excessive | .1 |

| | | | |
|---|---|---|---|
| 06/22/04 | .3 - 0 | Clerical | .3 |
| 06/22/04 | .5 - 0 | Excessive | .5 |
| 06/23/04 | .6 - 0 | Clerical | .6 |
| 07/07/04 | 1.0 - .3 | Excessive | .7 |
| 07/12/04 | 1.0 - .5 | Excessive | .5 |
| 07/23/04 | .4 - 0 | Excessive | .4 |
| 08/11/04 | 2.6 - 0 | Clerical | 2.6 |
| 08/12/04 | 1.5 - 0 | Excessive | 1.5 |
| 08/16/04 | 1.0 - 0 | Excessive | 1.0 |
| 08/18/04 | .5 - 0 | Excessive | .5 |
| 08/19/04 | .8 - 0 | Excessive | .8 |
| 08/24/04 | 7.0 - 0 | Clerical | 7.0 |
| 08/25/04 | 4.2 - 0 | Clerical | 4.2 |
| 09/23/04 | 1.0 - 0 | Excessive | 1.0 |
| 09/28/04 | .5 - 0 | Excessive | .5 |
| 09/29/04 | 1.3 - 0 | Excessive | 1.3 |
| 10/01/04 | 4.0 - 3.0 | Excessive | 1.0 |
| 10/04/05 | 2.0 - 1.5 | Excessive | .5 |
| 12/13/04 | 1.0 - 0 | Excessive | 1.0 |
| 02/01/05 | .5 - 0 | Excessive | .5 |
| 02/01/05 | .5 - 0 | Excessive | .5 |

| | | | |
|---|---|---|---|
| 02/03/05 | 1.0 - 0 | Excessive | 1.0 |
| 05/04/05 | 1.7 - 0 | Clerical | 1.7 |
| 05/09/05 | 2.0 - 0 | Clerical | 2.0 |
| 05/10/05 | 1.5 - 0 | Excessive | 1.5 |
| 05/10/05 | 1.0 - 0 | Clerical | 1.0 |
| 05/11/05 | .7 - 0 | Clerical | .7 |
| 05/16/05 | 3.7 - 0 | Clerical | 3.7 |
| 05/17/05 | 2.5 - 0 | Clerical | 2.5 |
| 05/18/05 | 2.1 - 0 | Clerical | 2.1 |
| 05/19/05 | 1.5 - 0 | Clerical | 1.5 |
| 05/20/05 | .8 - 0 | Excessive | .8 |
| 05/20/05 | .5 - 0 | Excessive | .5 |
| 05/23/05 | 2.9 -.6 | Excessive | 2.3 |
| 06/07/05 | .6 - 0 | Excessive | .6 |
| 06/07/05 | .5 - 0 | Excessive | .5 |
| 06/08/05 | 1.0 - 0 | Excessive | 1.0 |
| 06/08/05 | 1.2 - 0 | Clerical | 1.2 |
| 06/09/05 | 3.5 - 0 | Clerical | 3.5 |
| 06/14/05 | 1.0 - 0 | Clerical | 1.0 |
| 06/14/05 | .3 - 0 | Clerical | .3 |
| 06/15/05 | .7 - 0 | Clerical | .7 |

| 06/15/05 | 1.0 - 0 | Clerical | 1.0 |
|----------|---------|----------|-----|
| 06/15/05 | 1.0 - 0 | Clerical | 1.0 |
| 06/15/05 | 1.5 - 0 | Clerical | 1.5 |
| 06/17/05 | .5 - 0 | Clerical | .5 |
| 06/29/05 | .1 - 0 | Clerical | .1 |
| 08/09/05 | 1.1 - .4 | Excessive | .7 |
| 08/10/05 | 2.5 - 0 | Clerical | 2.5 |
| 08/17/05 | 1.8 - .7 | Clerical | 1.1 |
| 08/25/05 | 1.1 - 0 | Excessive | <u>1.1</u> |

TOTAL REDUCTION:                              339.3

With respect to Hawaii Legal Services, Plaintiffs submit Exhibit 6 to demonstrate the nature of the work performed by them.  Defendants correctly point out that the majority of the work performed by Hawaii Legal Services consisted of data entry and organization. Accordingly, the Court reduces the number of hours expended by Hawaii Legal Services by 75%.

| Paralegal | Hours x Rate | Total |
|-----------|--------------|-------|
| Michael Rabanal | 512.1 x $85.00 | $ 43,528.50 |
| Cory Chun | 4.8 x $80.00 | $    384.00 |

Hawaii Legal
Services              265.98 x $15.00          $  3,989.70

                            Subtotal       $ 47,902.20

                            GET (4.166%)   $  1,995.61

        Total Awarded Paralegal Fees       $ 49,897.91

        Total Awarded Attorney Fees        $ 70, 462.57

      TOTAL ATTORNEY AND PARALEGAL FEES:   $ 120,360.48

B.    <u>Costs</u>

      Pursuant to 42 U.S.C. § 1988, costs may be

awarded to provide for reimbursement of the reasonable

costs and expenses of litigation as part of an award of

attorney's fees.

      Costs authorized by fee-shifting statutes

comprise those out-of-pocket costs that are ordinarily

billed to a client and are included as part of an award

of attorney's fees.  <u>See</u> <u>Harris v. Marhoefer</u>, 24 F.3d

16, 19-20 (9th Cir. 1994) (finding that out-of-pocket

costs that "would normally be charged to a fee paying

client" are part of attorney fee award pursuant to 42

U.S.C. § 1988).  Plaintiffs bear the burden of proving

that the costs requested were reasonably necessary to

                              40

achieve the results obtained.  <u>See</u> <u>Tirona v. State Farm</u>
<u>Mut. Auto Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw.
1993).  This Court is further constrained to award only
reasonable costs.

Plaintiffs seek a total of $1,387.24 in costs
and list the following expenses:

| <u>Description</u> | <u>Amount</u> |
| --- | --- |
| Filing Fees & Certified Copies | $346.00 |
| Process Service & Mileage Fees | $411.67 |
| Messenger & Mileage Fees | $51.02 |
| In-House Photocopying | <u>$578.55</u> |
| TOTAL COSTS | $1,387.24 |

Defendants argue that the $578.55 attributed to
in-house photocopying should be excluded because
Plaintiffs have failed to show the nature of the
documents copied, how many copies were made, why the
copies were needed, or how they were used.  <u>Id.</u> at 25.
The Court agrees with Defendants.  Accordingly, the
Court deducts $578.55 and finds that $808.69 was
necessarily incurred in this case and that Plaintiffs
are entitled to recover that amount.

41

CONCLUSION

Based on the foregoing, this Court FINDS and RECOMMENDS that Plaintiffs' Motion for an Award of Attorneys' Fees and Costs be GRANTED, and that Plaintiffs be awarded attorney and paralegal fees in the amount of $120,360.48 and costs in the amount of $808.69, for a total award of $121,169.17.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, _____OCT 0 6 2005_____.

_____
KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE

CIVIL NO. 03-00524 HG-KSC.  HAWAII DISABILITY RIGHTS CENTER, et. al. vs. STATE OF HAWAII, et. al.; REPORT OF THE SPECIAL MASTER ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND INTEREST

* * LABEL LIST * *

Matthew C. Bassett, Esq.
Hawaii Disability Rights Center
900 Fort St Mall Ste 1040
Honolulu, HI  96813-3701

Louis Erteschik, Esq.
Hawaii Disability Rights Center
900 Fort St Mall Ste 1040
Honolulu, HI  96813-3701

Roy M. Benavidez, Esq.
Hawaii Disability Rights Center
900 Fort St Mall Ste 1040
Honolulu, HI  96813-3701

Heidi M. Rian, Esq.
Office of the Attorney General-State of Hawaii
Kekuanao'a Building
465 S King St Rm 200
Honolulu, HI  96813

Robyn B. Chun, Esq.
Office of the Attorney General-State of Hawaii
Kekuanao'a Building
465 S King St Rm 200
Honolulu, HI  96813

Jill T. Nagamine, Esq.
Office of the Attorney General-State of Hawaii
Kekuanao'a Building
465 S King St Rm 200
Honolulu, HI  96813

Diane K. Taira, Esq.
Office of the Attorney General-Hawaii
425 Queen St
Honolulu, HI  96813

*cc. Hg (FYI)*