IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAI'I DISABILITY RIGHTS CENTER; et al., | ) ) | CIVIL NO. 03-00524 HG-KSC |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| STATE OF HAWAI'I; et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER ADOPTING IN PART AND MODIFYING IN PART
THE REPORT OF THE SPECIAL MASTER ON
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND INTEREST**

On September 29, 2003, Plaintiffs brought an action alleging
that the State of Hawaii breached the settlement agreement of
Makin, et al. v. State of Hawai'i, et al., Civil No. 98-00997
DAE.  On May 26, 2005, the parties informed the Court that a
settlement had been reached.  On August 29, 2005, Plaintiffs
filed a motion entitled "Plaintiffs' Motion for an Award of
Attorney Fees, Costs and Interest."  The motion was referred to
Magistrate Judge Kevin S.C. Chang, who found and recommended that
Plaintiffs' motion be granted and Plaintiffs be awarded
attorneys' fees in the amount of $120,360.48 and costs in the
amount of $808.69, for a total award of $121,169.17.  Magistrate
Judge Chang issued these findings and recommendations in the
"Report of the Special Master on Plaintiffs' Motion For Award of
Attorneys' Fees, Costs and Interest."  Defendants State of
Hawaii, et al. ("Defendants") objected.  Defendants request that

the Court find Plaintiffs failed to prove that they were the
prevailing party and that the Plaintiffs' attorneys' fees awarded
by the Special Master requires further scrutiny and discounting.

For the reasons set forth below, the Court ADOPTS IN PART
and MODIFIES IN PART the Report of the Special Master on
Plaintiffs' Motion for Award of Attorneys' Fees, Costs and
Interest.

## PROCEDURAL HISTORY

On September 29, 2003, Plaintiffs filed the complaint
herein.

On October 21, 2003, Plaintiffs filed the First Amended
Complaint.

On November 20, 2003, Defendants filed the Answer to the
First Amended Complaint.

On May 26, 2005, at the Final Pretrial Conference, the Court
was informed that a settlement had been reached.

On August 29, 2005, Plaintiffs filed "Plaintiffs' Motion for
an Award of Attorneys' Fees, Costs and Interest."

On August 29, 2005, this Court issued an order referring the
motion to Magistrate Judge Kevin S.C. Chang.

On September 23, 2005, Defendants filed an opposition to
Plaintiffs' motion.

On October 6, 2005, Magistrate Judge Chang issued the
"Report of the Special Master on Plaintiffs' Motion for Award of

Attorneys' Fees, Costs and Interest."

On October 6, 2005, Plaintiff filed a reply to Defendants' opposition.

On October 17, 2005, Defendants filed "Defendant State of Hawaii, et al.'s Statement of Objections to Report of the Special Master on Plaintiffs' Motion for Attorneys' Fees, Costs and Interest."

On October 26, 2005, Plaintiffs filed the response to Defendants' objections.

## STANDARD OF REVIEW

A court may appoint a special master to hold trial proceedings and make or recommend findings of fact on issues to be decided by the court without a jury if appointment is warranted by the need to perform an accounting or resolve a difficult computation of damages. See Fed. R. Civ. P. 53(a)(1)(B)(ii). A magistrate judge may be designated by a district judge to serve as a special master in appropriate civil cases in accordance with 28 U.S.C. § 636(b)(2) and Rule 53 of the Federal Rules of Civil Procedure. See Local Rule 53.1. Unless otherwise ordered by a district judge, the magistrate judge designated to handle non-dispositive matters in a civil case is, in accordance with 28 U.S.C. § 636(b)(2) and Rules 53, 54(d)(2)(A), and 54(d)(2)(D) of the Federal Rules of Civil Procedure, designated to serve as special master to adjudicate

3

any motion for attorneys' fees and non-taxable expenses filed in the civil case. See Id.

The Court must decide de novo all objections to findings of fact made or recommended by the master unless the parties stipulate, with the Court's consent, that the findings will be reviewed for clear error or that the findings will be final. See Fed. R. Civ. P. 53(g)(3). The Court must decide de novo all objections to conclusions of law made or recommended by a master. See Fed. R. Civ. P. 53(g)(4).

## BACKGROUND

Under the Medicaid Act, 42 U.S.C. § 1396 et seq., the federal government provides financial assistance to states to enable them to provide medical services to needy individuals. States that elect to participate must comply with the requirements set forth in the Act in order to take advantage of the funding available for the program. The Medicaid Act was amended in 1981 to allow the federal government to waive certain requirements to enable states to provide home and community based services ("Waiver Services") for developmentally disabled and/or mentally retarded individuals who would otherwise require institutional care. See 42 U.S.C. § 1396n(c)(1).

The State of Hawaii's administration of the Waiver Services program was at issue in Makin, et al. v. State of Hawaii, et al., Civil Number 98-00997 DAE ("Makin" Lawsuit). The Makin Lawsuit

was brought by Plaintiffs who are individuals with developmental disabilities who are eligible for Waiver Services, alleging wrongful denial of the services.  In April 2000, the Plaintiffs and the State of Hawaii entered into a settlement of the <u>Makin</u> Lawsuit.

On September 29, 2003, the Plaintiffs filed the Complaint in the present action, but it was never served.  On October 21, 2003, Plaintiffs filed the First Amended Complaint.  The First Amended Complaint alleged that the State of Hawaii breached the settlement of the <u>Makin</u> Lawsuit.  Plaintiffs alleged several intentional procedural harms being committed in the application process, including, in part, that the State of Hawaii wrongfully deferred persons on the waitlist for the Waiver Services without their knowledge or consent, and that Plaintiffs were wrongfully deferred without due process and were thereby routinely denied admission to the Waiver Services.

Plaintiffs additionally alleged that on or around Fiscal Years 2001-2003, Defendants wrongfully misused, misappropriated and/or returned over $5,000,000 (five million dollars) in unused funds to the State Treasury that had been specifically allocated for the provision of Waiver Services to waitlisted individuals. Plaintiffs also allege Defendants failed to provide procedural due process protections or notice thereof, failure to provide individuals with services in the most integrated settings,

limiting Medicaid services, and ignoring provisions of Hawaii

State law that provide for person-centered planning, self-

determination, and appropriate individualized treatment plans.

The parties entered into a settlement on August 12, 2005.

Pursuant to the settlement, the parties agreed to submit the

matter of attorneys' fees, costs, and interest to the Court for

determination by motion.

<u>**ANALYSIS**</u>

The Court has reviewed the parties' original motions and

memoranda, Defendants' objections, and Plaintiffs' replies to

Defendants' objections. The Court has also reviewed the

declarations of Matthew C. Bassett, Louis Erteschik, and Michael

I. Tamanaha.  The Court has come to an independent decision about

Plaintiffs' Motion for Attorneys' Fees, Costs and Interest.

There is no need to hold a hearing on the matter.

Defendants object to the Report of the Special Master on

Plaintiffs' Motion for Attorneys' Fees, Costs, and Interest

("Report") on two grounds.  First, Defendants argue that

Plaintiffs have failed to prove they are the prevailing party.

Second, Defendants argue that Plaintiffs have not met the burden

of proof required for the amount recommended and supported by the

Special Master, and the award should be further discounted.

**A.    Plaintiffs Are the Prevailing Party**

Plaintiffs assert that as the prevailing party, they are

6

entitled to an award of attorneys' and paralegals' fees pursuant

to 42 U.S.C. § 1988, 42 U.S.C. § 12131 and section 504 of the

Rehabilitation Act of 1973.  (Pl.'s Mot. for Atty. Fees at 2).

Title 42 U.S.C. §§ 1988 and 12131 and section 504 provide that in

federal civil rights actions, the Court, in its discretion, may

award the prevailing party, other than the United States,

reasonable attorneys' fees and litigation costs.

In Farrar v. Hobby, 506 U.S. 103, 111-12 (1992), the Supreme

Court held that "a plaintiff prevails when actual relief on the

merits of his claim materially alters the legal relationship

between the parties by modifying the defendant's behavior in a

way that directly benefits the plaintiff."  To qualify as a

prevailing party, a civil rights plaintiff must obtain an

enforceable judgment against the defendant from whom fees are

sought, or comparable relief through a consent decree or

settlement.  See Id. at 111.

The Ninth Circuit Court of Appeals found in Fischer v. SJB-

P.D., Inc., 214 F.3d 1115 (9th Cir. 2000) that the plaintiff was

the prevailing party because his settlement in the case forced

the defendants to do something that they would not have to do,

absent the settlement.  Fischer involved a blind restaurant

patron who was refused entry into a restaurant because he was

accompanied by a service dog.  The plaintiff brought suit for

violations of the Americans with Disabilities Act ("ADA") and

California disability access law.

    As part of the settlement agreement, the defendant agreed to print a statement explaining its policy of non-discrimination toward people with disabilities.  The statement included a sentence specifying that blind people who use service dogs must be given full and equal access to the restaurant.  Defendant was required to post the policy conspicuously for all to see, and to insert the statement into the policy manual which is read by its employees, agents, and representatives.  See id. at 1118.  If defendant failed to perform the obligations, plaintiff could return to court and force defendant to uphold the settlement. Id.

    The Special Master found that Fischer is similar to the case at bar.  The Court agrees.  The parties executed a "Settlement and Release Agreement" ("Agreement") on August 12, 2005.  The agreement effectively "altered the legal relationship" between the parties, as it requires certain actions to be taken by the Defendants.  The agreement requires Defendants, in consultation with Hawaii Disability Rights Center, to draft a written notice to each person classified by Defendants as having a "deferred" status on the Home and Community-Based Waiver Services for the Developmentally Disabled and/or Mentally Retarded ("HCBS") Waitlist, plus any and all other persons who are classified as having a "deferred" status subsequent to April, 2003, until the

date of execution of the Agreement.  (Agreement at § 4.1.)

The notice must, in part, offer a new Individualized Service Plan ("ISP") to all persons with "deferred" status.  (Id. at § 4.1(d).)  The agreement also requires that upon the completion of the HCBS eligibility determination and the new ISP, Defendants shall provide necessary waiver services within 90 days, subject to the availability of appropriate providers and necessary funding.  (Id. at § 4.4.)  Defendants are also required to eliminate the "deferred" designation applied to waitlisted persons.  (Id. at § 4.5.)

Defendants argue that because Plaintiffs fail to show that the terms of the agreement will "directly benefit" them, they cannot be considered the prevailing party.  (Defs.' Mem. in Opp. to Pls.' Motion at 8.)  The Court agrees with the Special Master's finding that this argument is unconvincing. Plaintiffs, as well as other developmentally challenged individuals, stand to benefit from the changes in the Medicaid waiver program resulting from the settlement of this case.

There are many changes in the Waiver Services program that will now benefit Plaintiffs and other developmentally challenged individuals.  Defendants shall now train Developmental Disabilities Division Case Managers to identify and implement waiver services that are to be provided concurrently with other services.  (Agreement at §§ 6.3, 6.4.)  This step is part of a

comprehensive plan to effectively move the waitlist at a reasonable pace and will benefit the Plaintiffs.

The Agreement also required Defendants, in consultation with Hawaii Disability Rights Center, to develop Waiver Service materials to explain to individual clients, their families and/or legal guardians the: (i) application process, (ii) eligibility criteria for the Waiver Services, (iii) services under the Waiver Services; and (iv) any other services available.  (Id. at § 6.5.) This requirement benefits the Plaintiffs as it educates the waitlisted persons, or their legal guardians, in the advantages and disadvantages of the Waiver Services.  Defendants' alleged policy of encouraging or coercing waitlisted persons, or their legal guardians, to defer admission to the Medicaid-funded Waiver Services is thereby corrected.  The Plaintiffs have proved that they are the prevailing party.

**B.    Calculation of Attorneys' Fees**

Once a determination is made that the party seeking fees has prevailed, the court must determine a reasonable fee.  A determination of reasonable attorneys' fees generally begins with the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (claim arising in context of 42 U.S.C. § 1988).  The Supreme Court instructs that the most useful starting point to determine a reasonable fee is "the number of hours reasonably expended on the litigation multiplied

by a reasonable hourly rate."  Id.  Once calculated, the lodestar

is presumptively reasonable.  See Pennsylvania v. Del. Valley

Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see

also Cunningham v. County of Los Angeles, 879 F.2d 481, 484 (9th

Cir. 1989), cert. denied, 493 U.S. 1035 (1990).

The Supreme Court, in Missouri v. Jenkins, 491 U.S. 274

(1989), addressed what attorneys' fees encompass, holding that

the work of paralegals and law clerks should be compensated at

the rates at which it is billed to clients.  The Jenkins Court

also observed that the term "reasonable attorneys' fees" must

"refer to a reasonable fee for the work product of an attorney.

Thus, the fee must take into account the work not only of

attorneys, but also of secretaries, messengers, librarians,

janitors, and others whose labor contributes to the work product

for which an attorney bills her client...."  Id. at 285.

### 1.   Hours Allowed for Attorneys

Defendants argue that the hours the Special Master's Report

allows should be further reduced because the case "did not

involve any litigation activity after the filing of a First

Amended Complaint...."  (Defendants' Objections at 3-4.)

Defendants argue that the majority of Plaintiffs' counsels' work

was not spent in litigation, but in conferencing with each other

over settlement matters.

The Supreme Court has said that attorneys are expected to

exercise "billing judgment."  Hensley, 461 U.S. at 434, citing

Copeland v. Marshall, 641 F.2d 880, 891 (D.C.Cir. 1980).

District Courts "should exclude from this initial fee calculation

hours that were not 'reasonably expended,'" including "excessive,

redundant, or otherwise unnecessary" work.  Hensley, 461 U.S. at

434.   The Special Master reviewed the arguments by both parties

and the submitted time sheets and cut a significant number of

hours.  The Special Master specifically reduced hours based on

the time spent performing clerical tasks, as well as the

excessive time the Plaintiffs' counsels spent conferencing with

each other.  (Report at 22.)  The Special Master reduced Attorney

Bassett's hours by 39.8 hours, Attorney Erteschik's hours by 69.7

hours, and Attorney Chun's hours by 11.6 hours.

     The Special Master's reductions are adopted as they are

based upon a review of the individual time entries for

excessiveness, and the reductions are appropriate.  Subtracting

the reductions of 39.8 hours for Attorney Bassett, 69.7 for

Attorney Erteschik, and 11.6 hours from Attorney Chun's total

hours, the proper time awarded is 178.15 hours for Bassett, 145.6

hours for Erteschik, and 31.5 hours for Chun.  The total award of

attorneys' hours is 355.25 hours.

     Though Defendants claim that Plaintiffs only achieved

limited success through the settlement, the Court disagrees.  As

stated in the previous section, Plaintiffs, as well as other

developmentally challenged individuals, stand to benefit from the
changes in the Medicaid waiver program resulting from the
settlement of this case.  Attorney time of 355.25 hours is
reasonable.  The Special Master's Report is adopted with respect
to the number or hours awarded to the attorneys.  The lodestar
calculation is as follows:

| Attorney | Hours x Rate | Total |
|----------|--------------|-------|
| Bassett | 178.15 x 200.00 | $35,630.00 |
| Erteschik | 145.6 x 195.00 | $28,392.00 |
| Chun | 31.5 x 115.00 | $3,622.50 |
| | Subtotal | $67,644.50 |
| | GET (4.166%) | $2,818.07 |
| | Total Awarded Lodestar | $70,462.57 |

The Special Master's recommendation with respect to
attorneys' fees is ADOPTED and Plaintiffs are awarded attorneys'
fees of $70,462.57.


    **2.   Hours Allowed for Paralegals**

The Special Master also examined the reimbursement sought by
Plaintiffs for paralegal fees.  Attorney Chun worked as a
paralegal on this case prior to his admittance to the bar.  The
Special Master awarded 4.8 hours to Attorney Chun for his work as
paralegal.  The Court finds this reasonable.  The Court examined
the hours submitted for Michael Rabanal, and reduced time spent

on clerical tasks and excessive conferencing.  The Special Master

reduced Rabanal's hours by 339.3 hours.

The Special Master also examined the hours submitted by

Hawaii Legal Services, and reduced that number by 75%, finding

that the majority of the work performed by Hawaii Legal Services

consisted of data entry and organization.  The Special Master's

Report is adopted with respect to the number or hours awarded to

the paralegals.  The lodestar calculation is as follows:

| Paralegal | Hours x Rate | Total |
|---|---|---|
| Rabanal | 512.1 x 85.00 | $43,528.50 |
| Chun | 4.8 x 80.00 | $384.00 |
| Hawaii Legal Serv. | 265.98 x 15.00 | $3,989.70 |
| | Subtotal | $47,902.20 |
| | GET (4.166%) | $1,995.61 |
| | Total Awarded Lodestar | $49,897.81 |

The Special Master awarded $49,897.91 as the Total Awarded

Paralegal Fees.  This appears to be a mistaken arithmetic

calculation.  The Special Master's Report is adopted with respect

to the number of hours awarded, with the noted modifications for

the apparent arithmetic errors.  The correct Total Awarded

Paralegal Fees is $49,897.81.[1]

---

[1]Due to the arithmetic mistake in this section of the
Special Master's Report, the Special Master's Report has
subsequent arithmetic mistakes.  The amounts in this order
reflect the correct amount as amended by this Court.

### 3.    Costs Allowed

Pursuant to 42 U.S.C. § 1998, costs may be awarded to

provide for reimbursement of the reasonable costs and expenses of

litigation as part of an award of attorneys' fees.  The Ninth

Circuit Court of Appeals, in Harris v. Marhoefer, 24 F.3d 16, 19-

20 (9th Cir. 1994), found that costs authorized by fee-shifting

statutes comprise those out-of-pocket costs that are ordinarily

billed to a client and are included as part of an award of

attorneys' fees.  Plaintiffs bear the burden of proving that the

costs requested were reasonably necessary to achieve the results

obtained.  See Tirona v. State Farm Mut. Auto Ins. Co., 821 F.

Supp. 632, 636 (D. Haw. 1993).

Plaintiffs seek a total of $1,387.24 in costs.  The Special

Master examined the submitted costs, and reduced the total by

$578.55, the total attributed to the in-house photocopying, as

Plaintiffs failed to show how many copies were made, why the

copies were needed, or how they were used.  The Special Master

awarded Plaintiffs $808.69 in necessary costs.  The Special

Master's recommendation with respect to costs is ADOPTED and

Plaintiffs are awarded $808.69.

### C.    Defendants' Memorandum was Timely Filed

Footnote 1 on page 5 of the Report of the Special Master

states that Defendants' Opposition was filed late, as it was

filed more than eleven days after service of the motion.[2]  The

Special Master relied on Local Rule 7.4.  This is incorrect.

Local Rule 7.4 generally addresses the filing requirement for

memoranda in opposition to motions.  The appropriate rule is

Local Rule 54.3(f), which applies to motions for attorneys' fees

and related non-taxable expenses.

Local Rule 54.3(f) requires the opposing party's responsive

memorandum be filed within eleven days after the service of the

Statement of Consultation.  The Statement of Consultation was

served on September 12, 2005, making Defendants' opposition due

September 23, 2005, the date upon which Defendants' opposition

was actually filed.  This mistake by the Special Master did not,

however, affect the Special Master's consideration of Defendants'

arguments.


                        **<u>CONCLUSION</u>**

In accordance with the foregoing, it is HEREBY ORDERED that:

1.  The Findings and Recommendation of the Special Master

are ADOPTED AS MODIFIED.

2.  Attorney Bassett is AWARDED attorneys' fees of

$35,630.00.

---

[2]In Defendants' Objections, page 5, Defendants mistakenly
argue that the Opposition was due, and filed, on October 23,
2005.  The Opposition was filed on September 23, 2005, the date
upon which it was actually due.

3.  Attorney Erteschik is AWARDED attorneys' fees of $28,392.00.

4.  Attorney Chun is AWARDED attorneys' fees of $3,622.50.

5.  Paralegal Rabanal is AWARDED paralegal's fees of $43,528.50.

6.  Attorney Chun is AWARDED paralegal's fees of $384.00.

7.  Hawaii Legal Services is AWARDED paralegal's fees of $3,989.70.

8.  Plaintiffs are awarded $808.69 in costs.

9.  Plaintiffs' total award, including attorneys' fees, paralegals' fees, costs, and GET adjustment, is $121,169.07.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 22, 2006.



_____

Helen Gillmor
Chief United States District Judge

---

Hawaii Disability Rights Center; et al. v. State of Hawaii, et al., Civ. No. 03-00524 HG-KSC; **ORDER ADOPTING IN PART AND MODIFYING IN PART THE REPORT OF THE SPECIAL MASTER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND INTEREST**